J. D. CONWELL ET AL. V. J. C. HARTSELL.

(No. 6250.)

APPEAL from Lamar County. Opinion by WILLSON, J.

T. S. HILL and PARK & OUNBY, counsel for appellants.

No counsel appeared for appellee.

§ **73.** *Judgment; conclusiveness of in collateral proceeding; charge of court.* Appellant Conwell sued one Tucker for the rent of a gin, and sued out a distress warrant, which was levied upon a lot of hay which had been stored by Tucker in said gin. Said hay was sold

under said distress warrant. Appellee, Hartsell, brought this suit against Conwell, and also against Sheriff Gunn and the sureties upon his official bond, to recover $461.25 actual damages and $250 exemplary damages, for the seizure and conversion of said hay, alleging ·that he was the owner of about fourteen hundred bales of the said hay at the time of said seizure. He recovered judgment against all the defendants for $352.71 and costs. Among other instructions given by the court to the jury was the following: " If you believe from the evidence that Tucker did not owe Conwell any rents at the time of the levy, and you find that plaintiff was the owner of the property at the time, then you will find for the plaintiff," etc. This portion of the charge is assigned as error, and we hold that it is error. That Tucker was indebted to Conwell for rent was conclusively shown by the judgment of the justice's court, read in evidence. Appellee did not allege nor attempt to prove that said judgment was void for fraud or other reason. It was not competent for appellee to question the judgment of the justice's court in this collateral proceeding, except upon some ground which would render said judgment void. [1 Civil Cas. Ct. App., § 1314; 2 Civil Cas. Ct. App., § 695.] Instead of giving said paragraph of the charge the court should have given the special charge requested by appellant's counsel, to the effect that the judgment of the justice's court was conclusive evidence that at the time of the levy of the distress warrant upon the hay Tucker was indebted to Conwell for rent in the sum of $80. We are also of opinion that the special instruction requested by appellants, presenting the law of estoppel, should have been given. It was applicable to and demanded by the evidence. We are further of opinion that the verdict of the jury is not supported.by the evidence, and is excessive.

April 16, 1890.                    Reversed and remanded.